In addition to this, they are hearsay under the rule that health certificates, in spite of provisions of the statute seeming to permit their introduction in evidence, are repudiated as such. Davis v. Supreme Lodge, 165 N. Y. 159, 58 N. E. 891; B. L., T. & S. D. Co. v. K. T. & M. M. A. Ass'n, 126 N. Y. 450, 27 N. E. 942, 22 Am. St. Rep. 839; Beglin v. Metropolitan Life Ins. Co., 173 N. Y. 374, 66 N. E. 102.

The judgment and order should be affirmed, with costs. All concur, except WOODWARD and MILLER, JJ., who dissent.

(49 Misc. Rep. 92)

### CANONICO v. CUNARD S. S. CO.*

(Supreme Court, Appellate Term.   December 21, 1905.)

PLEADING—BILL OF PARTICULARS—AFFIDAVIT.

> Where, in an action against a steamship company by a passenger to recover for loss of a trunk delivered into defendant's custody in Naples, defendant applied for a bill of particulars on the affidavit of one of its local attorneys, who asserted the practice of defendant abroad and its ignorance of certain things, supplemented by the affidavit of defendant's local agent deposing to the same effect, but neither affiant showed that he knew anything about the matter, had ever been abroad, or had been afforded an opportunity to become acquainted with defendant's business or practice in foreign ports, the affidavits were insufficient.
>
> [Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 978.]
> Scott, P. J., dissenting.

Appeal from City Court of New York, Special Term.

Action by Errico Canonico against the Cunard Steamship Company. From an order of the New York City Court denying defendant's motion for a bill of particulars, it appeals. Affirmed.

Argued before SCOTT, P. J., and BISCHOFF and MacLEAN, JJ.

Lord, Day & Lord (Darius E. Peck, of counsel), for appellant.
Rosario Maggio, for respondent.

MacLEAN, J.   In an action by a passenger to recover for loss through nondelivery of a trunk given into defendant company's custody, in Naples, the defendant applied for a bill of particulars upon the affidavit of one of its local attorneys, who asserted the practice of the client abroad and its ignorance of certain things, without showing he knew anything about the matter, or had even been abroad. This was supplemented later by an affidavit of the local agent, who deposed to the same effect perfunctorily, without intimating any acquaintance, or opportunity to become acquainted, with the company's business or practice in foreign ports. With captains and stewards and baggage masters and the whole array of shipmen coming and going upon the company's steamers, plying to this port during all the months, almost a year and a half, while this action was not merely at issue but even upon the calendar, surely persons a plenty might have been found who could depose from actual knowledge of the conditions and practice—if material—at the Neapolitan dock, not unlikely, too, of the very occurrences while the Slavonia

*Rehearing granted, order reversed, and case remitted for determination on merits.

lay abreast, and so to supply sufficient papers for the application rightly denied by the learned justice because of its insufficiency.

The order should be affirmed.

Order affirmed, with $10 costs and disbursements.

BISCHOFF, J., concurs.

SCOTT, P. J. (dissenting). The plaintiff, claiming to have been a passenger on one of defendant's steamers from Naples to New York, sues for $700 as the value of a trunk and its contents, said to have been committed to defendant's care and lost by its negligence. The defendant, after answer denying knowledge or information, asks for a bill of particulars. The motion was denied, apparently on the ground that the papers on which the motion was made were insufficient, for the justice filed a memorandum in which he said that he should be inclined to grant the motion partially or wholly, if the papers were sufficient. The particular insufficiency seems to be that the defendant's attorney and resident agent, who made the affidavits, could not swear positively as to what did or did not happen in Naples, or what the practice of defendant was in any foreign country. The granting of a bill of particulars is not so severe a remedy as the granting of an attachment or injunction or order of arrest, and the strict rules applicable to the affidavits necessary to sustain a provisional remedy need not in every case be applied to such an application as the present. If the court can see from all the circumstances that the granting of a bill of particulars will tend to promote fairness and justice, and can do the plaintiff no harm, or prejudice any just claim he may have, there is no reason to be astute to find defects in the moving affidavits. In the present case, if the plaintiff has a just cause, as we must assume he has, he can lose nothing by giving the defendant reasonable particulars. If he be not required to do so, the defendant will perforce be compelled to go to trial without any means of defending itself and be at the plaintiff's mercy. As to the sufficiency of the affidavits, the defendant's agent is, I think, competent as to the uniform practice, and the regulations of the company as to issuing checks for baggage, and requiring the purchase of a ticket before embarking upon a voyage.

I think that the order appealed from should be reversed, with costs and disbursements, and the motion remitted to the court below for determination upon the merits.